```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Ernie H. Nelson

    v.                         Civil No. 12-cv-203-PB

Daniel Wiley

**REPORT AND RECOMMENDATION**

Ernie H. Nelson, a/k/a Abdull Shaikh Shabaz, a pretrial detainee, has filed a complaint (doc. no. 1) in forma pauperis, asserting that defendant, Daniel Wiley, a co-tenant in a building in Nashua, New Hampshire, engaged in racially motivated harassment and intimidation, which plaintiff characterizes as hate crimes that violated his Fourteenth Amendment rights. The complaint (doc. no. 1) is before the court for preliminary review to determine if plaintiff's claims should be dismissed, amended, or served upon defendants. See 28 U.S.C. § 1915A; United States District Court, District of New Hampshire Local Rule ("LR") 4.3(d)(2) (inmate complaints forwarded to magistrate judge for preliminary review).

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of all inmate complaints. See 28 U.S.C. § 1915A(a); LR 4.3(d)(2). The

magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. §§ 1915(e)(2) and 1915A(b); LR 4.3(d)(2).

In determining whether such a complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).

**Background**

Plaintiff is an African American man who lived in a building in Nashua, known as the Old YMCA, from January to April 2012, at the same time as Daniel Wiley.  Plaintiff alleges that Wiley used racial epithets, threats, and intimidation tactics,

in an effort to force plaintiff to move out of the building. Plaintiff asserts that Wiley committed hate crimes and violated his Fourteenth Amendment rights, and plaintiff seeks damages.

## Discussion

I.  Fourteenth Amendment

Plaintiff asserts that Wiley violated his Fourteenth Amendment rights.  The Fourteenth Amendment, however, does not shield any individual from purely private misconduct, however despicable, hateful, or racially motivated.  See Blum v. Yaretsky, 457 U.S. 991, 1004 (1982) (Fourteenth Amendment "'erects no shield against merely private conduct, however discriminatory or wrongful'" (citation omitted)).  A private party's conduct can be deemed to be state action, for the purposes of claiming a Fourteenth Amendment violation, only under limited circumstances, see Santiago v. Puerto Rico, 655 F.3d 61, 68 (1st Cir. 2011), which are not asserted here.  Nor has plaintiff alleged any facts suggesting that Wiley engaged in a conspiracy to deprive plaintiff of his civil rights.  The complaint thus fails to state an actionable claim for a violation of the Fourteenth Amendment.  Therefore, the claims asserting a Fourteenth Amendment violation should be dismissed.

II.  Hate Crimes

Plaintiff has also asserted that Wiley is liable to him for engaging in hate crimes.  Federal and state hate crime laws do not provide a private citizen with the right to prosecute the person who allegedly engaged in the crime.  See, e.g., 18 U.S.C. § 249 (federal hate crime act); N.H. Rev. Stat. Ann. § 651:6 (state law providing for extended imprisonment for racially motivated crimes).  A private citizen can neither initiate a federal criminal prosecution, nor claim a judicially cognizable interest in the prosecution of another person.  Stoll v. Martin, 3:06CV180 LACEMT, 2006 WL 2024387, *2-*3 (N.D. Fla. July 17, 2006) (citing, inter alia, Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")).  Accordingly, the hate crime claims should be dismissed.

## Conclusion

For the foregoing reasons, all claims asserted in the complaint (doc. no. 1) should be dismissed.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States

v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                              Landya McCafferty
                                              United States Magistrate Judge

August 16, 2012

cc: Ernie H. Nelson, pro se

LBM:nmd